Susan M. Rotkis (Ariz. Bar No. 032866)
**CONSUMER LITIGATION ASSOCIATES, P.L.L.C.**
382 South Convent Ave.
Tucson, AZ 85701
Telephone:  (520) 622-2481

Leonard A. Bennett (*pro hac vice forthcoming*)
Craig C. Marchiando (*pro hac vice forthcoming*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| ROBERT A. SKINNER and MAUREEN SKINNER,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONC, INC., TRANS UNION, LLC, and CITIZENS BANK, NATIONAL ASSOCIATION,<br><br>Defendants. | No. _____<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT** |

COME NOW the Plaintiffs, ROBERT A. SKINNER and MAUREEN SKINNER, (hereafter "Plaintiffs") by Counsel, and for their complaint against Defendants, state as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to 15 U.S.C. §§ 1681a–x, the Fair Credit Reporting Act ("FCRA").

2. The Defendants are the three largest credit reporting agencies ("CRAs") in the United States, and a bank that formerly held a second mortgage on a home Plaintiffs sold in 2007.

3. Through a series of failures to meet duties imposed upon them by the FCRA, as fully set forth below, Defendants caused Plaintiffs economic and emotional injuries against which the FCRA is specifically designed to protect.

## JURISDICTION

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper as all relevant events occurred in this District.

## PARTIES

5. Plaintiffs are natural persons and residents of the District of Arizona. They are consumers as defined by 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a foreign corporation doing business in the State of Arizona. Equifax is a CRA governed by the FCRA.

7. Defendant Experian Information Solutions, Inc. is a foreign corporation doing business in the State of Arizona. Experian is a CRA governed by the FCRA.

8. Defendant Trans Union LLC is a foreign corporation doing business in the State of Arizona. Trans Union is a CRA governed by the FCRA.

9. Defendant Citizens Bank, National Association, is a foreign corporation doing business in the State of Arizona. Citizens is a furnisher of credit account information as governed by the FCRA, 15 U.S.C. §§ 1681a(p)(2) and 1681s-2(a).

## FACTS

10. Plaintiffs owned a home, their primary residence, in Beaver County, Pennsylvania. Chase Home Finance held the mortgage on the home.

11. In March 2007, Plaintiffs took out a home equity line of credit ("the Line") in the form of a second mortgage with Citizens, and secured the Line with the Beaver County home. There was no other security for the Line.

12. Plaintiffs sold the Beaver County home in October 2007, settling both the first mortgage and the Line in that transaction. Citizens recorded a satisfaction of the Line in the Beaver County public record sometime after Plaintiffs sold the home.

13. After the sale of the home and satisfaction of the Line, the Line remained open but was unsecured because Plaintiffs no longer owned the Beaver County home.

14. During the ensuing months, Plaintiffs used the Line, with Citizens funding it as requested, without Plaintiffs providing any security. Plaintiffs paid the amounts due under the Line as expected, and Citizens issued periodic statements for the Line.

15. Plaintiffs moved to Arizona in 2007 and purchased a home, as their primary residence, in Maricopa County. They purchased the Arizona home with one conventional mortgage and have no other mortgages or lines of credit on that home.

16. In April 2016, Plaintiffs sought to refinance their mortgage on the Arizona home with AmeriSave, to obtain a lower interest rate and therefore lower monthly payments and overall debt.

17. The proposed refinance from AmeriSave would have provided a lower interest rate than Plaintiffs currently pay, and would have reduced their overall debt on the Arizona home.

18. As part of the refinancing application, AmeriSave obtained Plaintiffs' credit reports from the three Defendant CRAs.

19. While the Line was still open at this time, the CRA Defendants all reported, incorrectly, that the Line was a home equity line of credit. Because the Defendant CRAs reported the Line as a home equity line of credit rather than an unsecured loan, AmeriSave believed Plaintiffs owned another property.

20. Plaintiffs contacted the Defendants CRAs by telephone and in writing to inform them of their misreporting of the Line as being a home equity line of credit. Defendants did not change their reporting of the Line.

21. Plaintiffs also contacted Citizens to have it clarify to AmeriSave that there was no property securing the Line, and that it was merely an unsecured loan. Citizens would not do so.

22. As Plaintiffs' attempts to correct Citizens' and the Defendant CRAs' incorrect reporting of the Line drug on, interest rates on the proposed refinance continued to rise. Plaintiffs were unable to refinance their mortgage due to the error in reporting the Line as a home equity line of credit.

23. In August 2016, Plaintiffs again disputed the error with all three Defendant CRAs in writing. They attached all documents relating to the sale of the Beaver County home and satisfaction of the Line as well as a careful description of the parties involved and the issue they wanted resolved.

24. Despite these written disputes, none of the CRAs changed their reporting of the Line. That is because, in response to any of Plaintiffs written or telephonic disputes, the CRA Defendants did not undertake even a cursory investigation of Plaintiffs' problem.

25. Because Plaintiffs' disputes to the Defendants were not correctly resolved so that the Line was reported as a simple unsecured loan, interest rates rose to a point that refinancing would not have yielded the financial benefits Plaintiffs would have realized had they been able to refinance when they first applied and locked their interest rate.

26. The Defendant CRAs had actual knowledge that their reporting of the Line was inaccurate, yet they continued to report them in the inaccurate manner.

27. When they received Plaintiffs' written disputes, the Defendant CRAs transmitted those disputes to Citizens through an electronic system called e-OSCAR.

28. Through e-OSCAR, the Defendant CRAs submitted Automated Credit Dispute Verification ("ACDV") forms to Citizens, which contained the information Plaintiffs provided to the CRAs with their written disputes.

29. After receiving the ACDVs for Plaintiffs' disputes, Citizens did nothing to actually investigate Plaintiffs' complaint, and instead only verified that its own records reflected that the Line was a home equity line of credit.

30. In this manner, Citizen failed to meet its duty to properly investigate Plaintiffs' disputes including, but not limited to, the requirement that it review all relevant information that Plaintiffs provided.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

31. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

32. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' credit reports and credit file they published

4

and maintained after the date Plaintiffs put the agencies on notice of the suspect and disputed inaccuracies.

33. As a result, Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681e(b), Plaintiffs suffered actual damages including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation and other mental, physical, and emotional distress.

34. The violations of Equifax, Experian, and TransUnion were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

35. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(1)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

36. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

37. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the items from Plaintiffs' credit files.

38. As a result of Equifax, Experian and TransUnion's violations of 15 U.S.C. § 1681i(a)(1), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

39. The violations of Equifax, Experian, and TransUnion were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

40. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681i(a)(2)(A)
(EQUIFAX, EXPERIAN, and TRANS UNION)**

41. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

42. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide Citizen with all the relevant information regarding Plaintiffs' disputes.

43. As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681i(a)(2)(A), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

44. The violations of Equifax, Experian, and TransUnion were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and TransUnion were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

45. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(4)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

46. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

47. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider *all* relevant information submitted by Plaintiffs.

48. As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681i(a)(4), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

49. The violations of Equifax, Experian, and TransUnion were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and TransUnion were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

50. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(5)(A)**
**(EQUIFAX, EXPERIAN, and TRANS UNION)**

51. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

52. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiffs' credit file or modify those items of information upon a lawful reinvestigation.

53. As a result of Equifax, Experian, and TransUnion's violations of 15 U.S.C. § 1681i(a)(5)(A), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

54. The violations of Equifax, Experian, and TransUnion were willful, rendering each of them individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and TransUnion were negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

55. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Equifax, Experian, and TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(A)**
**(CITIZENS BANK, N.A.)**

56. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

57. On one or more occasions, Citizens violated 15 U.S.C. § 1681s-2b(b)(1)(A) by failing to fully and properly investigate Plaintiffs' disputes.

58. When Citizens receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent the ACDV to obtain more information regarding a consumer's dispute.

8

59. Based on the manner in which Equifax and Experian responded to Plaintiffs' disputes, that the account was being correctly reported according to Citizens' records, Plaintiffs allege that Equifax, Experian, and TransUnion forwarded the ACDVs to Citizen.

60. Citizen understood the nature of Plaintiffs' disputes when it received the ACDVs from the CRA Defendants.

61. After it received the ACDVs, Citizens could have reviewed their own systems and previous communications with Plaintiffs and discovered additional substance regarding Plaintiffs' disputes.

62. Notwithstanding the above, Citizens followed a standard and systematically unlawful process when it received the ACDV disputes. Essentially, all Citizen did was review its own internal computer screens for the account and repeat back to the ACDV system the same information Citizen had already reported to the CRA Defendants.

63. As a result of Citizens' violations of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

64. Courts in this Circuit interpreting Section 1681s-2(b) have held that a furnisher's duty under that Section is to conduct a detailed and searching investigation by a furnisher when it receives a consumer's dispute through a CRA.

65. Citizens was aware of the *Gorman v. Wolpoff & Abramson, LLP* FCRA decision by the Ninth Circuit when it followed its ACDV procedures regarding Plaintiffs' disputes.

66. On information and belief Plaintiffs allege that the procedures followed through e-OSCAR were the procedures Citizens intended their employees or agents to follow.

9

67. Citizens' employees or agents made no mistakes in the way in which they followed Citizens' procedures when they received, processed, and responded to the CRA Defendants' ACDVs.

68. The violations of Citizens were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citizen was negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

69. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Citizens in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681s-2(b)(1)(B)**
**(CITIZENS BANK, N.A.)**

70. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

71. On one or more occasions, Citizens violated 15 U.S.C. § 1681s-2b(b)(1)(B) by failing to review all relevant information provided by the CRA Defendants with Plaintiffs' disputes.

72. When Citizens receives a consumer dispute ACDV form, it is aware that it may also contact the CRA that sent the ACDV to obtain more information regarding a consumer's dispute.

73. As a result of Citizens' violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

74. The violations of Citizens were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

In the alternative, Citizens was negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

75. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Citizens in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
15 U.S.C. § 1681s-2(b)(1)(C) and (D)
(CITIZENS BANK, N.A.)**

76. Plaintiffs reallege and incorporate all other factual allegations set forth in the Complaint.

77. On one or more occasions within the past two years, by example and without limitation, Citizens violated 15 U.S.C. § 1681s-2b(b)(1)(D) by publishing to the Defendant CRAs that the Line was a home equity line of credit, thus failing to correctly report the results of an accurate investigation to each Defendant CRA.

78. Plaintiffs' disputes were, at a minimum, bona fide.

79. As a result of Citizens' violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D), Plaintiffs suffered actual damages, including but not limited to: loss of credit, out-of-pocket expenses, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

80. The violations of Citizens were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Citizens was negligent, which entitles Plaintiffs to recovery under 15 U.S.C. § 168lo.

81. Citizens was aware of the *Gorman v. Wolpoff & Abramson, LLP* FCRA decision by the Ninth Circuit when it followed its ACDV procedures regarding Plaintiffs' disputes.

82. On information and belief, Plaintiffs allege that the procedures followed through e-OSCAR were the procedures Citizens intended their employees or agents to follow.

83. On information and belief, Citizens' employees or agents made no mistakes in the way in which they followed Citizens' procedures when they received, processed, and responded to the CRA Defendants' ACDVs.

84. Plaintiffs are entitled to recover actual damages, statutory damages, costs and attorneys' fees from Citizens in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE,** Plaintiffs demand judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Trial By Jury Is Hereby Demanded

Date:  March 9, 2017              Respectfully submitted,

By:   /s/ Susan M. Rotkis
Susan M. Rotkis (Ariz. Bar No.032866)
**CONSUMER LITIGATION ASSOCIATES, P.L.L.C.**
382 South Convent Ave.
Tucson, AZ 85701
Telephone:  (520) 622-2481

Leonard A. Bennett (*pro hac vice forthcoming*)
Craig C. Marchiando (*pro hac vice forthcoming*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662