Victoria Orze (#011413)
VOrze@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Ste. 1400
Phoenix, Arizona 85004
Phone: (602) 285-5000
Fax: (602) 285-5100

*Attorneys for Defendant Citizens Bank, National Association*

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Robert A. Skinner and Maureen Skinner,<br><br>Plaintiffs,<br><br>v.<br><br>Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC and Citizens Bank, National Association,<br><br>Defendants. | CASE NO: CV17-00717-DJH<br><br>**ANSWER OF CITIZENS BANK, NATIONAL ASSOCIATION and COUNTERCLAIM AGAINST ROBERT AND MAUREEN SKINNER** |

Defendant, Citizens Bank, National Association ("Citizens"), for its Answer to the Complaint of Plaintiffs Robert A. Skinner and Maureen Skinner ("Skinner"), admits, denies and affirmatively alleges as follows:

1.      Responding to ¶ 1, Citizens admits that Plaintiffs have filed this Complaint alleging violations of the Fair Credit Reporting Act ("FCRA").  All other allegations in that paragraph are denied.

2.      Responding to ¶ 2, Citizens admits it is a bank that held a mortgage on real property in Pennsylvania which was owned by Plaintiffs.  Citizens presently lacks sufficient information to either admit or deny any other allegations in ¶ 2 and therefore denies the same.

3.      Citizens denies all allegations in ¶ 3 that relate to Citizens; with respect to all other allegations in this paragraph, Citizens presently lacks sufficient information to either admit or deny any those allegations and therefore denies the same.

4.      Citizens admits that jurisdiction and venue are appropriate, but denies all other allegations in ¶4.

5.      On information and belief only, Citizens admits the allegations in ¶ 5.

6.      On information and belief only, Citizens admits the allegations in ¶ 6.

7.      On information and belief only, Citizens admits the allegations in ¶ 7.

8.      On information and belief only, Citizens admits the allegations in ¶ 8.

9.      Responding to ¶ 9, Citizens admits it is a Pennsylvania corporation and admits that it sometimes furnishes credit information to the Credit Reporting Agencies ("CRAs") and that when it does, it is subject to certain provisions of the FCRA.  Any remaining allegations in that paragraph are denied.

10.   On information and belief, Citizens admits that Plaintiffs owned real property in Pennsylvania and that Citizens held a mortgage on that property.  Citizens is presently without sufficient information to admit or deny the remaining allegations in ¶ 10 and therefore denies the same.

11.   Responding to ¶ 11, Citizens admits that on March 24, 2007, Plaintiffs signed a Home Equity Line of Credit Agreement under which they were extended up to $134,635 credit from Citizens (the "HELOC").  Citizens further admits that Plaintiffs granted Citizens a Home Equity Line of Credit Open-End Mortgage on the same date under which the line of credit was secured by real property in Beaver County, Pennsylvania. Citizens denies the remaining allegations of ¶ 11.

12.   Responding to ¶ 12, Citizens is presently without sufficient information to admit or deny the allegations and, therefore, denies the same, except that Citizens admits that, on information and belief, on or about January 23, 2009, a Satisfaction Piece was recorded with respect to the Plaintiffs' real property in Beaver County, Pennsylvania.

13.   Citizens denies the allegations in ¶ 13.

14.     Responding to ¶ 14, Citizens admits that Plaintiffs took several draws on the HELOC after October, 2007, that Plaintiffs made payments to Citizens on the HELOC, and that Citizens issued periodic statements to the Plaintiffs.  The remaining allegations of ¶ 14 are denied.

15.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 15 and therefore denies the same.

16.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 16 and therefore denies the same.

17.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 17 and therefore denies the same.

18.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 18 and therefore denies the same.

19.     On information and belief, Citizens denies the allegations in ¶ 19.

20.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 20 and therefore denies the same.

21.     Citizens admits that at some point Plaintiffs contacted Citizens directly regarding the HELOC.  The remaining allegations in ¶ 21 are denied.

22.     Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 22 and therefore denies the same, except that Citizens denies that the CRAs reporting of the HELOC was incorrect.

23.     Responding to ¶ 23 on information and belief only, Citizens admits that Plaintiffs contacted the CRAs in or around August, 2016, with respect to their reporting of the HELOC.   Citizens presently has insufficient knowledge or information as to the remaining allegations in ¶ 23 and therefore denies the same.

24.     Citizens presently has insufficient knowledge or information to admit or deny the allegations in ¶ 24 and therefore denies the same.

25.   Citizens denies that Plaintiffs' dispute was not correctly resolved; with respect to the remaining allegations in ¶ 25, Citizens presently has insufficient knowledge or information to either admit or deny the allegations in ¶ 25 and therefore denies the same.

26.   On information and belief, Citizens denies the allegations in ¶ 26.

27.   Citizens admits that in or around September, 2016, it received written disputes from two CRAs through E-OSCAR and that it timely responded to the disputes; Citizens presently has insufficient knowledge or information to either admit or deny the remaining allegations in ¶ 27 and therefore denies the same.

28.   Citizens admits that in or around September, 2016, it received written disputes from two CRAs through E-OSCAR and that it timely responded to the disputes; Citizens presently has insufficient knowledge or information to either admit or deny the remaining allegations in ¶ 27 and therefore denies the same.

29.   Citizens denies the allegations in ¶ 29.

30.   Citizens denies the allegations in ¶ 30.

## CITIZENS' RESPONSE TO COUNT ONE

31.   Responding to ¶ 31, Citizens incorporates all responses and allegations set forth in ¶¶ 1 through 30 above as though completely set forth herein.

32.   The allegations in ¶ 32 are legal conclusions and are not directed toward Citizens; to the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 32.

33.   The allegations in ¶ 33 are legal conclusions and are not directed toward Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 33, including the allegations that Plaintiffs suffered actual damages.

34.   The allegations in ¶ 34 are legal conclusions and are not directed toward Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 34, including the allegations that Plaintiffs suffered actual damages and that Plaintiffs are entitled to punitive damages.

35.   The allegations in ¶ 35 are legal conclusions and are not directed toward Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 35.

## CITIZENS' RESPONSE TO COUNT TWO

36.   Citizens incorporates its responses to ¶¶ 1 through 35 as though fully set forth herein.

37.   The allegations in ¶ 37 are legal conclusions and are not directed at Citizens. To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 37.

38.   The allegations in ¶ 38 are legal conclusions and are not directed at Citizens. To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 38. Citizens specifically denies that Plaintiffs have suffered any actual damages.

39.   The allegations in ¶ 39 are legal conclusions and are not directed at Citizens. To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 39 and specifically denies that that Plaintiffs suffered actual damages and that Plaintiffs are entitled to punitive damages.

40.   The allegations in ¶ 40 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 40.

## CITIZENS' RESPONSE TO COUNT THREE

41.   Citizens incorporates its responses to ¶¶ 1 through 40 as though fully set forth herein.

42.   The allegations in ¶ 42 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 42.

43.   The allegations in ¶ 43 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 43 and specifically denies that Plaintiffs suffered actual damages.

44.   The allegations in ¶ 44 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 44 and specifically denies that Plaintiffs suffered actual damages and that Plaintiffs are entitled to punitive damages.

45.   The allegations in ¶ 45 The allegations are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 45.

<u>**CITIZENS' RESPONSE TO COUNT FOUR**</u>

46.   Citizens incorporates its responses to ¶¶ 1 through 45 as though fully set forth herein.

47.   The allegations in ¶ 47 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 47.

48.   The allegations in ¶ 48 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 48 and specifically denies that Plaintiffs suffered actual damages.

49.   The allegations in ¶ 49 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 49 and specifically denies that Plaintiffs suffered actual damages and that Plaintiffs are entitled to punitive damages.

50.   The allegations in ¶ 50 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 50.

<u>**CITIZENS' RESPONSE TO COUNT FIVE**</u>

51.   Citizens incorporates its responses to ¶¶ 1 through 50 as though fully set forth herein.

52.   The allegations in ¶ 52 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 52.

53.   The allegations in ¶ 53 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 53 and specifically denies that Plaintiffs suffered actual damages.

54.   The allegations in ¶ 54 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 54 and specifically denies that Plaintiffs suffered actual damages and that Plaintiffs are entitled to punitive damages.

55.   The allegations in ¶ 55 are not directed at Citizens.   To the extent it is necessary for Citizens to respond, Citizens denies the allegations in ¶ 55.

**CITIZENS' RESPONSE TO COUNT SIX**

56.   Citizens incorporates its responses to ¶¶ 1 through 55 as though fully set forth herein.

57.   Citizens denies the allegations in ¶ 57.

58.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 58 and therefore denies the same.

59.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 59 and, therefore, denies the same, except that Citizens acknowledges receiving ACDVs in or around September, 2016, from two of the CRAs.

60.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 60 and therefore denies the same.

61.   Citizens is Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 61 and therefore denies the same.

62.   Citizens denies the allegations in ¶ 62.

63.   Citizens denies the allegations in ¶ 63.

64.   Citizens denies the allegations in ¶ 64, which states a broad, incomplete legal conclusion.

65.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 65 and, therefore, denies the same.

66.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 66 and, therefore, denies the same.

67.   Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 67 and, therefore, denies the same.

68.   Citizens denies the allegations in ¶ 68.

69.   Citizens denies the allegations in ¶ 69.

**CITIZENS' RESPONSE TO COUNT SEVEN**

70.   Citizens incorporates its responses to ¶¶ 1 through 69 as though fully set forth herein.

71.     Citizens denies the allegations in ¶ 71.

72.     Citizens is presently without sufficient knowledge or information to understand or respond to the allegations in ¶ 72 and, therefore, denies the same.

73.     Citizens denies the allegations in ¶ 73.

74.     Citizens denies the allegations in ¶ 74.

75.     Citizens denies the allegations in ¶ 75.

## CITIZENS' RESPONSE TO COUNT EIGHT

76.     Citizens incorporates its responses to ¶¶ 1 through 75 as though fully set forth herein.

77.     Citizens denies the allegations in ¶ 77.

78.     Citizens denies the allegations in ¶ 78.

79.     Citizens denies the allegations in ¶ 79.

80.     Citizens denies the allegations in ¶ 80.

81.     Citizens is presently without sufficient information or knowledge to admit or deny the allegations in ¶ 81 and, therefore, denies the same.

82.     Citizens is presently without sufficient information or knowledge to admit or deny the allegations in ¶ 82 and, therefore, denies the same.

83.     Citizens is presently without sufficient information or knowledge to admit or deny the allegations in ¶ 83 and, therefore, denies the same.

84.     Citizens denies the allegations in ¶ 84.

85.     Citizens denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

86.     Citizens specifically denies violating any provision of the Fair Credit Reporting Act, either negligently, intentionally, or willfully.

87.     Citizens affirmatively alleges that Plaintiffs have not sustained any actual damages.

88.     Citizens affirmatively alleges that Plaintiffs' actual damages, if any, were caused by Plaintiffs themselves or non-parties over whom Citizens had no control.

89.    Citizens affirmatively alleges that Plaintiffs' Complaint fails to state a claim for which relief may be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

90.    Citizens affirmatively alleges that the information furnished by Citizens to the Credit Reporting Agencies was not false or materially misleading in any way, but rather was accurate.

91.    Citizens affirmatively alleges that Plaintiffs have unclean hands.

92.    Citizens affirmatively alleges that if Plaintiffs have sustained any damages as a result of any violation, Plaintiffs have failed to mitigate those damages.

93.    Citizens affirmatively alleges that to the extent Plaintiffs are awarded any damages against Citizens, Citizens is entitled to a setoff of those damages for the balance due by Plaintiffs to Citizens under the Home Equity Line of Credit.

94.    Citizens affirmatively alleges that Plaintiffs' claims for punitive damages violate the due process clause of the U.S. Constitution, the 14th Amendment to the U.S. Constitution, and Arizona law.

95.    Citizens affirmatively alleges that it maintains and utilizes reasonable procedures designed to assure maximum possible accuracy.

96.    Citizens affirmatively alleges that Plaintiff ratified the Home Equity Line of Credit.

**WHEREFORE**, having fully responded to the Complaint, Citizens respectfully requests the Court to enter judgment in favor of Citizens and against Plaintiffs as follows:

A.    Dismissing Plaintiffs' Complaint and each Count therein with prejudice and ordering that Plaintiffs take nothing thereby;

B.    Awarding Citizens its attorneys' fees and costs incurred herein; and

C.    Awarding Citizens such further relief as the Court deems just.

## CITIZENS' COUNTERCLAIM AGAINST SKINNERS

97.    For its Counterclaim against Plaintiffs Robert and Maureen Skinner, Citizens Bank, National Association ("Citizens") hereby alleges as follows:

98.    Citizens Bank, National Association is a national bank and a foreign corporation.

99.   On information and belief, Robert Skinner and Maureen Skinner ("Skinners") are husband and wife and residents of Maricopa County, Arizona.

100.  This counterclaim is significantly related to Skinners' claim against Citizens in that the two legal claims arise out of and stem from the same case or controversy under Article III of the United States Constitution.  Specifically, Skinners allege that Citizens is liable for damages for inaccurately reporting to the Credit Reporting Agencies that they are indebted to Citizens on a Home Equity Line of Credit Account they took out from Citizens in 2007. Citizens contends that Skinners, in fact, owe it for credit extended under a Home Equity Line of Credit account pursuant to the HELOC Agreement entered into between Skinners and Citizens in 2007. For these reasons, the Court has supplemental jurisdiction over Citizens' counterclaim pursuant to 28 U.S.C. § 1367.

101.  On or about March 27, 2007, Skinners and Citizens entered into a Secondary Mortgage Loan Home Equity Line of Credit Agreement (the "HELOC Agreement").  A copy of the Agreement is attached hereto as Exhibit A.

102.  Pursuant to the HELOC Agreement, Citizens agreed to extend credit to Skinners in an amount up to $134,635, and Skinners agreed to be bound by the terms and conditions of the HELOC Agreement, including payment to Citizens for all amounts borrowed or charged to Skinners under the HELOC Agreement.

103.  Citizens' rights under the HELOC Agreement were secured by, among other things, a Second Mortgage on real property in Beaver County, Pennsylvania, which the Skinners conveyed to Citizens as collateral (the Collateral Property") for the HELOC Agreement.

104.  The HELOC Agreement provides at ¶ 23 that Citizens may terminate the Credit Line Account and accelerate the entire unpaid balance of the Credit Line, making all charges immediately due and payable, if the Skinners make any material misrepresentation in connection with the Credit Line Account.

105.  The HELOC Agreement provides at ¶ 23 that Citizens may terminate the Credit Line Account and accelerate the entire unpaid balance of the Credit Line, making all charges

immediately due and payable, if the Skinners' action or inaction adversely affects Citizens' rights in the Collateral Property.

106. The HELOC Agreement provides at ¶ 23 that transfer of title or sale of the Collateral Property without Citizens' permission constitutes action adversely affecting the collateral, giving Citizens the right to terminate the Credit Line Account and accelerate the entire unpaid balance, making all charges immediately due and payable.

107. The HELOC Agreement provides at ¶ 28 that the Skinners would commit a material breach and be in default under the Agreement if they take any action that adversely affects Citizens' security or right in any such security, or give false or materially misleading information in connection with the extension of credit under the HELOC.

108. In or around September, 2007, Skinners sold or otherwise transferred the Collateral Property, which they had pledged to Citizens as security for the HELOC Agreement.

109. Skinners did not obtain Citizens' permission prior to selling and/or transferring title to the Collateral Property.

110. Skinners did not advise Citizens that they had transferred title to or sold the Collateral Property, nor did the Skinners cancel their right to credit advances under the HELOC Agreement.

111. After transferring or selling the Collateral Property, Skinners did not advise Citizens to close the HELOC Agreement account.

112. After the Skinners sold and/or transferred title to the Collateral Property, Skinners continued to utilize the HELOC Agreement for credit, specifically taking draws of approximately $6,000 in July, 2008, $5,000 in August, 2008, $7,500 in September, 2008, and $85,000 in October, 2008.

113. Skinners' sale and/or transfer of the collateral property in 2007 without Citizens' permission constituted action adversely affecting Citizens' collateral and security.

-11-

114. Skinners' sale and/or transfer of the collateral property in 2007 without Citizens permission constituted a material breach of the Skinners' obligations under the HELOC Agreement.

115. Due to the Skinners' actions adversely impacting Citizens' security and rights in the collateral property, the Skinners are in default of their obligations under the HELOC Agreement and Citizens is therefore entitled to accelerate the entire balance and all charges due from Skinners under the HELOC Agreement.

116. Skinners' failure to advise Citizens that they had disposed of the Collateral Property and their continued use of credit draws under the HELOC Agreement after they had disposed of the Collateral Property constitute material misrepresentations to Citizens with respect to the line of credit.

117.  As of September, 2017, Skinners' balance due under the HELOC for principle draws and interest was approximately $97,000.

118. The sum owed by Skinners to Citizens is a liquidated sum, such that pre-judgment interest should accrue on the balance due.

119. The dispute between Skinners and Citizens arises out of contract, such that Skinners may be responsible for Citizens' attorneys' fees pursuant to A.R.S. 12-341.

120. The HELOC Agreement provides that the Skinners are responsible for reasonable collection costs, including reasonable attorneys' fees incurred in collection the amount due from them.

WHEREFORE, Citizens respectfully requests that the Court:

A.    Enter a judgment in Citizens' favor against Skinners for all amounts due by Skinners under the HELOC Agreement, in an amount not less than $97,000;

B.    Award Citizens its reasonable costs and fees incurred in collecting said amounts due; and

C.    Award Citizens such other and further relief as is lawful and appropriate in the circumstances.

## JURY DEMAND

Citizens demands a jury trial on all issues triable to a jury.

**DATED** this 31st day of May 2017.

DICKINSON WRIGHT PLLC

By: /s/ *Victoria L. Orze*
     Victoria L. Orze
     1850 N. Central Ave., Ste. 1400
     Phoenix, Arizona 85004
     Attorneys for Defendant Citizens Bank
     National Association

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2017, I electronically transmitted this Answer to the U.S. District Court Clerk's Office using the CM/ECF System for filing and to the following parties through their attorneys:

Susan M. Rotkis
**CONSUMER LITIGATION ASSOCIATES, P.L.L.C.**
382 South Convent Avenue
Tucson, AZ  85701

Leonard A. Bennett
Craig C. Marchiando
**CONSUMER LITIGATION ASSOCIATES, P.L.L.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23606
Attorneys for Plaintiff

Christopher A. Meyers
**SNELL & WILMER LLP**
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ  85004-2202
Attorneys for Defendant Equifax Information
Services LLC

Daniel P. Quigley
J. Neil Stuart
**COHEN DOWD QUIGLEY**
Camelback Esplanade One
2425 E. Camelback Road
Suite 1100
Phoenix, AZ  85016

1    Paul L. Myers
     **STRASBURGER  PRICE, L.L.P.**
2    2600 Dallas Parkway, Suite 600
     Frisco, TX  75034
3    Attorneys for Defendant Trans Union LLC

4    Jonathan Adam Dessaules
     **DESSAULES LAW GROUP**
5    5353 North 16th, Suite 110
     Phoenix, AZ  85016
6    Attorneys for Defendant Experian
     Information Solutions Inc.
7

8

9    By:     /s/ Victoria L. Orze
10   PHOENIX 37390-188 367143v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-